■ DAVID SCHREIER, Appellant, v MEG M. SCHREIER, Respondent. [700 NYS2d 21] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered March 12, 1999, which granted defendant's motion for clarification and enforcement of the parties' open-court stipulation of settlement, unanimously affirmed, without costs.

The motion court correctly found the stipulation to be ambiguous. It properly relied on its first-hand familiarity of its negotiation in finding that the parties intended that plaintiff pay their daughter's private school tuition regardless of the school's location, as long as the child resides in Manhattan. Nothing on the face of the stipulation causes us to interpret it as relieving plaintiff from his obligation to pay tuition if the school is not located in Manhattan. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Friedman, JJ.

■ In the Matter of SCOTT FAPPIANO, Respondent, v NEW YORK CITY POLICE DEPARTMENT, Appellant. [700 NYS2d 20] —Order and judgment (one paper), Supreme Court, New York County (Beverly Cohen, J.), entered on July 9, 1998, which granted petitioner's Freedom of Information Law (FOIL) application challenging respondent Police Department's denial of access to records pertaining to his arrest and conviction, and directed respondent to deliver the records to petitioner, unanimously affirmed, without costs.

Respondent argues that the records are exempt from disclosure under Civil Rights Law § 50-b (1) because they identify the victim of a sex offense, and that because petitioner stands convicted of the sex offense on which he was charged, he does not qualify as person "charged" with a sex offense entitled to such records under Civil Rights Law § 50-b (2) (a). We disagree. First, petitioner, who claims to need the documents for purposes of planned proceedings in Federal court to overturn the conviction, is situated much like a person who is charged with a crime and seeks documents for purposes of mounting a defense. Second, the prohibition of Civil Rights Law § 50-b (1) against "public inspection" is inapplicable here; petitioner already knows the victim's name. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Friedman, JJ.