■ In the Matter of CHARLES DOYEN, Appellant, v JAMES W. McMAHON, as Superintendent of the New York State Police, Respondent. [706 NYS2d 252] —Carpinello, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered April 29, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of subject matter jurisdiction.

On August 27, 1998, petitioner made a request under the Freedom of Information Law (Public Officers Law art 6) for various documents, including witness statements, police reports and dispatch records, pertaining to his July 13, 1987 "arrest."* The request was denied on the ground that the documents sought were exempt from disclosure pursuant to Civil Rights Law § 50-b, a determination which was administratively upheld. Petitioner then commenced this CPLR article 78

---

* The record does not indicate the crime for which petitioner was arrested; it does reflect, however, that he was convicted of sodomy in the first degree.

proceeding, which respondent moved to dismiss on subject matter jurisdiction grounds. Specifically, respondent contended that Civil Rights Law § 50-b (2) (a) does not permit disclosure of the requested documents because petitioner has been convicted of a sex offense and therefore does not fall within the confines of the statutory provision. Thus, according to respondent, petitioner was required to avail himself of the procedures outlined under Civil Rights Law § 50-b (2) (b), namely, an application to the court having jurisdiction over the sex offense. Supreme Court agreed, finding that it lacked subject matter jurisdiction over the proceeding.

We are compelled to disagree. Civil Rights Law § 50-b (1) prohibits the disclosure of any document identifying the victim of a sex offense. Exceptions to this prohibition are set out under Civil Rights Law § 50-b (2). As relevant here, "[a]ny person charged with the commission of [a sex] offense * * * against the same victim" is not prohibited from inspecting such material (Civil Rights Law § 50-b [2] [a]). Respondent claims that the requested documents are exempt from disclosure because petitioner now stands *convicted* of the sex offense on which he was previously charged and therefore no longer qualifies as a person "charged with the commission of [a sex] offense" under Civil Rights Law § 50-b (2) (a). In other words, respondent claims that Civil Rights Law § 50-b (2) (a) *only* applies to one preparing a trial defense to a sex offense charge.

A review of the statutory language of Civil Rights Law § 50-b and its legislative history does not suggest any intent to so limit this exception. To the contrary, the memorandum in support of the legislation speaks in terms of "the defendant" when referencing this exception; it states, "However, disclosure will be permitted to *the defendant*, counsel, and public officials charged with the investigation and prosecution of this matter" (Mem in Support, 1979 NY Legis Ann, at 383 [emphasis supplied]; *see*, June 15, 1979 Letter of Senator Ronald Stafford, Bill Jacket, L 1979, ch 656). The nomenclature "defendant" in a criminal proceeding certainly remains with an individual throughout the appellate process.

Moreover, if petitioner could have received these documents as an accused, it is illogical to deny him access to same on the ground that he now stands convicted of the offense, particularly given the postjudgment remedies available to a defendant. Even if the sole reason for carving out this exception is to permit one charged with a sex offense to prepare a defense, postconviction avenues of relief may render the need for such material every bit as critical at this stage of the criminal

proceeding as it was during the pretrial and trial stages. Thus, Supreme Court erred in dismissing the petition on the ground that it lacked subject matter jurisdiction (*see generally, Matter of Fappiano v New York City Police Dept.*, 267 AD2d 156).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.